```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                            :

JEFFREY A. DERDERIAN              :    BK No. 05-13640
        Debtor                         Chapter 7
- - - - - - - - - - - - - - - - -x
In re:                            :

MICHAEL A. DERDERIAN              :    BK No. 05-13641
        Debtor                         Chapter 7
- - - - - - - - - - - - - - - - -x
```

## TEMPORARY ORDER HALTING PROCEEDINGS WITHOUT PREJUDICE, AND ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF

On September 28, 2005, the Debtors filed an "Emergency Motion to Quash and Enjoin the Plaintiffs from Proceeding in the Workers' Compensation Court," seeking the following specific relief: (1) quashing the subpoenas, issued by the Workers' Compensation Court, requiring the Debtors to appear on September 30, 2005, and (2) an order finding that the 11 U.S.C. § 362 automatic stay applies to the Workers' Compensation civil contempt proceeding scheduled for September 30, 2005, and (3) restrain and enjoin the Plaintiffs and their attorneys and any other party in interest from proceeding in that court until further order of the Bankruptcy Court.

The emergency motion was filed in the Bankruptcy Court at 3:17 p.m. on September 28, 2005, and initially the Debtors failed to serve the four plaintiffs in the Workers' Compensation litigation. The Debtors remedied the oversight and served the Plaintiffs' counsel by fax at 4:22 p.m. yesterday. Thereafter, the Debtors

BK No. 05-13640; BK No. 05-13641

faxed the Court's hearing notice to the Workers' Compensation Plaintiffs, informing them that a hearing would be held in the Bankruptcy Court at 9:30 a.m. on September 29, 2005.

Without elaboration, it is obvious that none of the interested parties had time to adequately prepare for this morning's hearing. The Debtors argue that 11 U.S.C. § 362(a) applies automatically to civil contempt proceedings and that there is no need for judicial intervention, given the mandate of the federal statute. However, the Debtors are seeking a comfort order to present to the Workers' Compensation Judge. At the hearing, counsel for the Workers' Compensation Plaintiffs, who were contacted and who appeared on very short notice, acknowledged the import and effect that the automatic stay has on a pure civil contempt matter pending in another forum. Two of the Plaintiffs, however, argued they may be exempt from the automatic stay under 11 U.S.C. § 362 (b)(2)(B)[1] because they represent minor children of injured workers who were

---

[1] This Section states:
(b) The filing of a petition under section 301, 302, or 303 of this title...does not operate as a stay-
  (2) under subsection (a) of this section--
   ...
   (B) of the collection of alimony, maintenance, or support from property that is not property of the estate.
11 U.S.C. § 362 (b)(2)(B).

2

BK No. 05-13640; BK No. 05-13641

receiving court ordered payments from the Debtors, pre-(bankruptcy)petition, and that these payments are essentially support payments.

It is with this background that I make the following expedited rulings: Judge Selya succinctly described the automatic stay as follows:

> The stay springs into being immediately upon the filing of a bankruptcy petition: "[b]ecause the automatic stay is exactly what the name implies--'automatic'--it operates without the necessity for judicial intervention." *Sunshine Dev., Inc. v. FDIC*, 33 F.3d 106, 113 (1st Cir. 1994). It remains in force until a federal court either disposes of the case, *see* 11 U.S.C. § 362(c)(2), or lifts the stay, *see id.* § 362(d)- (f). This respite enables debtors to resolve their debts in a more orderly fashion, *see In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994), and at the same time safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." *Sunshine Dev.*, 33 F.3d at 114; *see generally 3 Collier on Bankruptcy* ¶ 362.03 (15th rev. ed. 1996).

*Soares v. Brockton Credit Union* (*In re Soares*), 107 F.3d 969, 975 (1st Cir. 1997). When the Derderians filed their bankruptcy petitions on September 23, 2005, the automatic stay was invoked by operation of law, effectively stopping all collection activities by creditors without first seeking and obtaining stay relief from the Bankruptcy Court. As the statute clearly provides, the stay does

3

BK No. 05-13640; BK No. 05-13641

have some limitations, i.e., collection of support obligations from non-estate assets.  It is not possible on such a scant record and on such short notice for this Court to determine whether any of the Workers' Compensation Plaintiffs fall within any of the exceptions to the automatic stay enumerated in Section 362.  Accordingly, as 11 U.S.C. § 362 clearly prohibits the continuation of collection efforts in general, the Workers' Compensation Plaintiffs are temporarily enjoined, by operation of law, from going forward with their civil contempt proceedings scheduled for hearing in the Workers' Compensation Court on September 30, 2005, i.e., tomorrow.[2]  However, the Workers Compensation Plaintiffs are invited to file appropriate motions for relief from stay with this Court if they feel they meet the statutory requirements, and if the Workers' Compensation Plaintiffs believe their causes require expedited treatment, this Court will act promptly on any such request.

Because the automatic stay applies by operation of law, the specific relief requested by the Debtors is not necessary. Additionally, the Debtors' request for injunctive relief is

---

[2] Because this temporary order is intended to allow breathing space with as little prejudice to the parties as possible, the subpoenas issued by the Workers' Compensation Court are not quashed, but are modified to the extent that their return dates of September 30, 2005, are vacated.  Said subpoenas shall remain extant for future use.

BK No. 05-13640; BK No. 05-13641

procedurally deficient, as it was not filed as an adversary proceeding. *See* Fed R. Bankr. P. 7001(7). Accordingly, the Debtors' request for injunctive relief, in addition to that afforded by the statute, is DENIED.

This Court is deferential and sensitive to the scheduling and operation of the Workers' Compensation Court, and wishes to make it clear that it will cooperate in the joint accomplishment of our respective missions, but given the clear, mandatory language of the federal statute, however, today's *temporary* disposition is inescapable.

Dated at Providence, Rhode Island, this 29th day of September, 2005.

*/s/ Arthur N. Votolato*

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 9/29/2005